[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR MODIFICATION OF SUPPORT
The plaintiff has filed a motion for modification of child support. A decree of dissolution of the parties' marriage was entered on April 21, 1987. The parties entered into an agreement providing for unallocated alimony and support of $275.00 per week. At that time the child Peter, who is now fifteen years of age, resided with his mother and the child Susan resided with her father. No support was payable by the plaintiff to the defendant for Susan.
Susan has now turned 20 years of age and is working full time at Lord Taylor. Peter attends a parochial: high school in Greenwich, tuition paid for by the defendant. The total cost for Peter for books, school fees, and tuition is $4,820.00 per year.
The parties were married for 24 years at the time of the decree of dissolution. The plaintiff is 57 years of age and the defendant is 59 years of age. In December, 1988, the plaintiff fell and sustained injury to her left leg and left foot. She now walks with a cane. She is a registered nurse and a music teacher. However, she has not worked as a registered nurse for 27 years and has allowed her certificates to expire. She does work part time as a music teacher for the Diocese of Bridgeport and as an organist at the Christ Church in Easton. She held these same positions at the time of the original decree.
The defendant is an administrator with Unisys Corporation. He held the same position in 1987. His gross pay in this position has increased by $762.00 per month, that is, from $5,288.00 per month to $6,050.00 per month. If one were to add back his 401K defined retirement income, his net monthly pay in 1987 was $3,751.00 compared to $4,556.00 at this time or a 21 per cent increase in net pay.
This motion comes before the court pursuant to the provisions of 46b-86(a) of the General Statutes. The court has to apply the requirements of 46b-86(a) together with the provisions of 46b-82 and 46b-84 of the General Statutes together with the family support guidelines. The following occurrences since 1987 constitute a substantial change of circumstances:
1. An increase in the plaintiff's monthly expenses.
2. The defendant is no longer supporting his minor daughter.
3. The total net worth of the defendant has increased substantially.
4. The plaintiff is partially disabled. CT Page 291
5. The defendant has had a 21 per cent increase in his net employment income.
As to items 1, 3 and 4, these changes were not contemplated by the parties at the time of the decree.
While it is recognized that the parties have been in court on numerous occasions relative to Peter, all of those other court appearances are immaterial to the issue raised by plaintiff's motion.
It is interesting, however, that the plaintiff is raising the issue of the child support guidelines. Query their application when there is an order for unallocated alimony and support. The court chooses to leave the orders as unallocated alimony and support to give the defendant the maximum tax advantage possible. The plaintiff will have little income tax consequences.
The court finds that the co per week is unfair and inequitable in circumstances of the parties and orders an increase in unallocated alimony and support of $55.00 per week so that the present order shall be $330.00 per week by way of unallocated alimony and support effective on January 11, 1991.
The court orders further that the defendant is responsible for the transportation expense for Peter to go to school which amounts to $7.00 per week and which sum should be paid by the defendant to the plaintiff while that expense is incurred.
EDGAR W. BASSICK, III, JUDGE